UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MALLOY,<br><br>    Plaintiff,<br><br>v.<br><br>CONSTELLIS-TRIPLE CANOPY,<br><br>    Defendant. | Case No. 25-cv-09885-LJC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 2 |

Plaintiff Stephan Malloy, pro se, filed an application to proceed in forma pauperis (IFP). ECF No. 2. The primary effects of such an application being granted would be to excuse Plaintiff from paying the $405 filing fee for this civil action and that an agent of the Court (typically the U.S. Marshal) would complete service of process on Plaintiff's behalf, if the Court determines that Plaintiff's Complaint is not subject to dismissal under 28 U.S.C § 1915(e)(2)(B).

Plaintiff's IFP application states that his monthly income is $7,200, that he has $500 in cash or in a checking or savings account, and that he has $9,000 in a certificate of deposit. *Id.* at 1-2. He states that his "Housing and Expenses are equal to [his] disability of $7,200" and that he makes monthly $500 payments towards a credit card loan, and attached a copy of an outstanding bill, in the amount of $131.55, owed towards his union dues. *Id.* at 1-2, 7. Plaintiff includes no other information about his monthly expenses, but declares that he is "unable to pay the costs of these proceedings and is entitled to relief from being required to prepay the required costs and fees for this action. *Id.* at 1.

Although "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute … a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United*

*States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* Plaintiff's monthly income of $7,200 is high enough to suggest that he could likely pay the $405 filing fee and costs of service while still affording "the necessities of life." *Id.*; *see* ECF No. 2 at 2. Although his application states that his monthly expenses "are equal" to his monthly income, aside from annual union dues and a monthly credit card payment, Plaintiff has provided no details regarding his monthly expenses or otherwise explained why he cannot afford the fees associated with this case. ECF No. 2 at 2. Without additional information regarding his monthly expenses, the Court is cannot assess whether Plaintiff's expenses truly are equal to his income and cannot determine whether Plaintiff is able to "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

Plaintiff is accordingly ORDERED TO SHOW CAUSE why his IFP application should not be denied by filing, no later than January 16, 2026, an amended IFP application or supplemental declaration listing his monthly expenses, or by paying the filing fee by the same deadline. The Court encourages Plaintiff to use the Northern District's form IFP application, which is available online at: https://cand.uscourts.gov/rules-forms-fees/forms?combine=&field_category_target_id=307.

Failure to respond to this Order or pay the filing fee may result in the undersigned issuing a report and recommendation recommending dismissal of this case for failure to prosecute, failure to comply with a court order, and failure to pay the filing fee.

**IT IS SO ORDERED.**

Dated: December 16, 2025

LISA J. CISNEROS
United States Magistrate Judge